# STATE OF MICHIGAN

# COURT OF APPEALS

SANDRA JEAN OWEN,

      Plaintiff-Appellee,

and

BEAUMONT HEALTH SYSTEM,

      Intervening Plaintiff-Appellee,

v

BRISTOL WEST PREFERRED INSURANCE
COMPANY,

      Defendant-Appellant.

UNPUBLISHED
March 10, 2016

No. 323036
Wayne Circuit Court
LC No. 12-006993-NI

Before: SHAPIRO, P.J., and O'CONNELL and GLEICHER, JJ.

O'CONNELL, J. (*concurring*).

In this highly unusual and complicated no-fault insurance case, whether defendant did or did not renew plaintiff's insurance policy is the question before this Court. While indicia of renewal and indicia of a lapse in coverage before renewal exist at the same time, the majority of the uncontested evidence indicates that the policy was renewed with no lapse in coverage.

Under the present set of facts, defendant sent plaintiff proof of insurance for the vehicle that indicated the effective date of the policy was March 9, 2012, and indicated that the issue date of the policy was February 8, 2012. This strongly suggested that defendant's business practice was to automatically renew insurance coverage and accompany the renewal with a bill for services. This is consistent with an agreement for the parties to renew the insurance contract. Additionally, if defendant wanted to cancel plaintiff's policy, it was required to serve a 10 day notice before doing so.[1]

---

[1] The cancellation provision in defendant's policy reads:

At best, defendant's arguments highlight an ambiguity in the contract. Any ambiguities in a contract must be resolved against the drafter. *State Farm Mut Auto Ins Co v Enterprise Leasing Co*, 452 Mich 25, 38; 549 NW2d 345 (1996). In my opinion, the February 8, 2012, correspondence cannot be considered an offer to renew; it is an actual renewal. Therefore, plaintiff was insured at the time of the accident.

Because there was no issue of material fact as to whether the contract existed between plaintiff and defendant at the time of the accident, I conclude that the trial court properly granted summary disposition.

I would affirm the well-reasoned decision of the trial court.

/s/ Peter D. O'Connell

---

We may cancel this policy at any time for nonpayment of premium by providing at least ten days notice to you at the address shown in our records.

Not only has defendant admitted it did not cancel the policy, defendant admits it renewed the policy, albeit with a post-renewal allegation that there was a lapse in coverage.